**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Criminal Action No. 26-cr-00208-NYW-1

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. TYLER ROLAND BOWERS,

Defendant.

---

## ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

---

This matter is before the Court on the letter submitted by Defendant Tyler Roland Bowers ("Mr. Bowers"), in which he requests that the Court terminate the remainder of his supervised release (the "Motion" or "Motion for Early Termination of Supervised Release"). [Doc. 6].[1] The Court has reviewed the Motion, the responses from the Government and the United States Probation Office, and the applicable case law. For the reasons set forth in this Order, the Motion for Early Termination of Supervised Release is respectfully **GRANTED**.

## BACKGROUND

In 2022, Mr. Bowers pleaded guilty to and was convicted of one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1-2 at 2]. He was originally sentenced in the United States District

[1] The day after filing the Motion, the Court received a duplicative copy of it. *See* [Doc. 8]. The duplicative Motion for Early Termination of Supervised Release is respectfully **DENIED as moot**.

Court for the District of Utah to 70 months' imprisonment, followed by a 60-month term of supervised release. [*Id.* at 2–3]. Mr. Bowers was released from prison and his supervision commenced on February 14, 2025. [Doc. 11 at 1]. He has served approximately 20 months of his 60-month supervised release term. [Doc. 11 at 1]. Jurisdiction over Mr. Bowers's supervision was transferred to this District on September 4, 2026. [Doc. 1 at 1].

Mr. Bowers has submitted a letter asking the Court to terminate the remainder of his supervised release term. *See* [Doc. 6]. The United States Probation Office (the "Probation Office") and the Government each filed responses indicating that they do not oppose his request. [Doc. 11; Doc. 12]. Mr. Bowers did not file a reply, and the time to do so has elapsed.

## LEGAL STANDARD

Congress established the system of supervised release in 1984, *United States v. Haymond*, 588 U.S. 634, 651 (2019), with the intent to "assist individuals in their transition to community life," *United States v. Johnson*, 529 U.S. 53, 59 (2000). Indeed, unlike parole, "supervised release wasn't introduced to replace a portion of the defendant's prison term, only to encourage rehabilitation *after* the completion of his prison term." *Haymond*, 529 U.S. at 652 (citing United States Sentencing Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012)). "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Johnson*, 529 U.S. at 53–54.

A trial court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C.

§ 3583(e)(1). In so doing, the Court considers certain sentencing factors set forth in 18 U.S.C. § 3553, including:

- The nature and circumstances of the offense and the history and characteristics of the defendant;
- The need for the sentence imposed to afford adequate deterrence to criminal conduct;
- The need for the sentence imposed to protect the public from further crimes of the defendant;
- The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
- The kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant;
- Any pertinent policy statements;
- The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
- The need to provide restitution to any victims of the offense.

*Id.* §§ 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7); *see also id.* § 3583(e) (permitting a court to terminate supervised release after considering "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"); *but see United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) ("[Section] 3583(e)(1) requires consideration of § 3553(a) when a district court *terminates* supervised release. However, it is unclear whether § 3583(e)(1) requires consideration of the § 3553(a) factors when denying a motion to terminate supervised release." (emphasis in original)). Whether to grant a motion to terminate a term of supervised release is in the Court's discretion. *Rhodes v. Judisak*, 676 F.3d 931, 933 (10th Cir. 2011).

**ANALYSIS**

Mr. Bowers requests that the remainder of his supervised release be terminated early. [Doc. 6]. In his letter, Mr. Bowers states that since his release, he has fully complied with all conditions of his supervision, including but not limited to maintaining 100% negative drug screens, ensuring zero law enforcement contacts, and completing all court-mandated treatment and life-skills programs. [*Id.* at 1]. He notes that he has maintained stable employment and housing, has maintained continuous sobriety for over five years, and has strong community ties. [*Id.* at 1–2]. He states that he "take[s] full responsibility for [his] past actions, and [is] deeply committed to the positive trajectory of [his] life today." [*Id.* at 1]. He further represents that should this Court grant his request for early termination, he "will not take this second chance for granted." [*Id.* at 2]. Mr. Bowers also notes that he was a combat veteran in the United States Army deployed to Afghanistan between 2007 and 2008. [*Id.* at 1]. He states that during his deployment, he suffered a service-related injury for which he was prescribed opioids, which led to a severe addiction that he began selling controlled substances to support. [*Id.*].

The Court first considers the nature and circumstances of the offense and the history and characteristics of Mr. Bowers. *See* 18 U.S.C. § 3553(a)(1). Mr. Bowers was convicted of one count of possession of methamphetamine with intent to distribute. [Doc. 1-2 at 1]. He has completed his 70-month custodial sentence and one-third of his supervised release term. The Probation Office represents that Mr. Bowers's Post-Conviction Risk Assessment is in the "Low Moderate/1" category. [Doc. 11 at 1]. According to the Probation Office, people in this category have a 17% arrest rate and a 6% revocation rate in the first 12 months of supervision. [*Id.*]. The Probation Office also

represents that Mr. Bowers has tested negative for all random drug tests submitted throughout supervision, successfully completed outpatient therapeutic services, "rebuilt family relationships," maintained steady employment since February 2025, and "shown he can self-manage beyond the period of supervision and remain law abiding." [*Id.* at 2]. The Government does not oppose Mr. Bowers's request and states that his release would be in the interests of justice. [Doc. 12 at 6].

The Court does not diminish the seriousness of Mr. Bowers's offense. However, given Mr. Bowers's success on supervision, and in particular, his ability to maintain his sobriety for over five years and be gainfully employed, the Court finds that the nature of circumstances of Mr. Bowers and his underlying offenses weigh in favor of early termination. 18 U.S.C. § 3553(a)(1); *see also United States v. Shaw*, 445 F. Supp. 3d 1160, 1167 (D. Colo. 2020) (finding that the defendant's behavior and conduct warranted early termination where the defendant maintained steady employment and stable housing, never tested positive for illegal substances while on supervision, paid his court-ordered fines and restitution, and had strong familial relationships); *United States v. Graves*, No. 24-cr-00272-NYW-1, 2025 WL 3248294, at *2–3 (D. Colo. Nov. 19, 2025) (this Court finding early termination appropriate where the defendant successfully completed substance abuse counseling, submitted all negative random drug tests, maintained steady full time employment, and served a little under half of his supervised release term); *United States v. Montgomery*, No. 2:08-cr-00021-DAK, 2012 WL 4815020, at *1 (D. Utah Oct. 10, 2012) (granting termination of supervised release based on the defendant's conduct, the support of his probation officer, and the lack of opposition from the government). Moreover, given his success on supervision, the Court observes no

present need to afford adequate deterrence of further criminal conduct or to protect the public from further crimes of this defendant. 18 U.S.C. § 3553(a)(2)(B)–(C).

The Court also considers the sentencing range for Mr. Bowers's offense, 18 U.S.C. § 3553(a)(4), and the need to avoid sentencing disparities, *id.* § 3553(a)(6). According to the Presentence Investigation Report, the guideline range for Mr. Bowers's conviction was 135 to 168 months' imprisonment. [Doc. 10 at 14]. He was sentenced below this range based on a government motion for variance and Mr. Bowers's history and characteristics—namely, his military service and related drug or alcohol dependence. [Doc. 2 at 4]. However, despite Mr. Bowers receiving a below-guideline sentence, the Court does not find that these factors weigh heavily against early termination because numerous case-specific circumstances may result in any particular sentence, the Probation Office supports early termination, the Government does not opposed early termination, and Mr. Bowers has successfully served one-third of his supervised release term.

After weighing the § 3553(a) factors, the Court concludes that early termination of Mr. Bowers's supervised release is appropriate. The Motion for Early Termination of Supervised Release is therefore **GRANTED**.

## CONCLUSION

For these reasons, it is **ORDERED** that:

(1) The Motion for Early Termination of Supervised Release [Doc. 6] is **GRANTED**;

(2) The duplicative Motion for Early Termination of Supervised Release [Doc. 8] is **DENIED as moot**;

(3) The United States Probation Office is directed to process the early termination of Mr. Bowers's supervised release; and

(4) The Clerk of Court shall mail a copy of this Order to:

Tyler Roland Bowers
2600 Wewatta Way, Unit 1322
Denver, CO 80216

DATED: November 9, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge